**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE MANUEL CHAVEZ, *et al.*, | ) | |
| | ) | **JURY DEMANDED** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 10 CV 0264 |
| | ) | |
| DON STOLTZNER MASON CONTRACTOR, INC., *et al.*, | ) | Judge Aspen |
| | ) | |
| | ) | Magistrate Judge Cox |
| Defendants. | ) | |

## RESPONSE TO MOTION TO DISMISS OR STAY

JOSE MANUEL CHAVEZ, *et al.,* individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, hereby respond to and oppose Defendants' Motion to Dismiss or Stay, because their federal and state wage claims are not preempted.

## LEGAL STANDARD

**Motion to Dismiss.** When deciding a motion to dismiss, Courts view all allegations and reasonable inferences in a light most favorable to the plaintiff and an action should not be dismissed, for failure to state a claim or a facial attack on jurisdiction, unless the plaintiff cannot prove a claim. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009). Courts are not precluded from evaluating the merits of factual jurisdictional disputes. *Id.*

**Preemption.** Preemption jurisprudence evolves from the conflict between the supremacy clause and the reservation clause in the U. S. Constitution. *See* U.S. Const. Art. VI, amend X. Preemption of state laws must be cautiously applied. *See Levine v. Wyeth*, 129 S. Ct. 1187,1194-1195; 555 U.S. ____; 2009 U.S. LEXIS 1774, at *17

1

(March 4, 2009)(Courts must begin with assumption that the historic police powers of the state were not to be superseded by the federal government unless that was the clear and manifest purpose of Congress).

Section 301 of the LMRA authorizes courts to enforce collective bargaining agreements. *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 403 (1988). To determine whether the LMRA preempts a state law, courts must look to whether resolution of the claim depends on the meaning of, or requires interpretation of, a collective bargaining agreement. *Id.* at 405-406. The presence of a collective bargaining agreement does not, in of itself, justify preemption of state law or deprive individuals of independent remedies. *Id.* at 409-410. The Seventh Circuit has identified scenarios where a collective bargaining agreement may be implicated but preemption of a state claim is not necessary. *Wisconsin Central Ltd., v. Shannon*, 539 F.3d 751, 757-758 (7th Cir. 2008). LMRA preemption is not warranted when: (1) a particular contract term is so clear it precludes all possible dispute over its meaning; (2) the parties do not dispute the interpretation of relevant contract terms; or (3) reference to the collective bargaining agreement is only necessary for computation of damages. *Id.* (citing cases). LMRA preemption must be performed on a case-by-case basis. *In re Bentz Metal Products Company*, 253 F.3d 283, 285 (7th Cir. 2001).

**FACTUAL BACKGROUND**

Plaintiffs are hourly paid employees construction workers that performed work for Don Stoltzner Mason Contractor, Inc. Don Stoltzner Mason Contractor, Inc. is a masonry contractor and with its controlling officers (collectively "Defendants") failed to pay Plaintiffs as required by state and federal minimum wage statutes. (D.E. 1-1 ¶¶ 1-2,

4-8, 25.) Plaintiffs submitted timesheets for the hours they worked, and allege that Defendants failed to pay them for all hours worked. (D.E. 1-1 ¶¶ 11, 26.)

Plaintiffs filed a class action, in state court, for their employers' failure to pay them time and a half for all hours worked over forty (40) in a week, as required by the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.* ("IMWL"), and similar individual actions pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA")(collectively referred to as the "Wage and Hour Statutes"). (D.E. 1-1 ¶¶ 10, 12, 16, 21, 25.) Plaintiffs did not, at any time in the complaint, allege a claim for rights that were created by a collective bargaining agreement, such as extra pay for hours worked beyond eight (8) in a day, or on a holiday, etc. Nor did Plaintiffs allege any claim for improper calculation of union dues deductions or fringe benefit fund contributions. Plaintiffs simply seek to ensure that Defendants paid them at least time and a half their regular rate, as defined, determined, and required by the Wage and Hour Statutes, for all hours worked over forty (40) in a week. 29 U.S.C. §207; 820 ULCS §105/4a.

Defendants removed the lawsuit to federal court pursuant to 28 U.S.C. §§1441(b) and 1446, arguing that the Labor Management Relations Act, 29 U.S.C. §185(a) ("LMRA") preempts Plaintiffs' well pleaded claims. (D.E. 1 ¶8.) Less than a week later, Defendants moved to dismiss Plaintiffs' complaint, or in the alternative to stay Plaintiffs lawsuit pending grievance exhaustion under the provisions of the collective bargaining unit ("CBA"). (D.E. 9.)

**ARGUMENT**

The LMRA cannot preempt Plaintiffs' claims in this case because Plaintiffs filed claims under the IMWL and FLSA and interpretation of the CBA is not necessary, in this

3

case, to resolve Plaintiffs claims.  Employees may collectively bargain to set wages above the state and federal minimum wages but neither employers, nor employees may legally contract for wages below the minimums set by the Wage and Hour Statutes.  *See Lynn's Food Stores v. U.S.*, 679 F.3d 1350, 1354 (11th Cir. 1982); 820 ILCS §105/2.

I. **DEFENDANTS' ARTFUL PLEADING DOCTRINE ARGUMENT IS MOOT BECAUSE PLAINTIFFS DO NOT CHALLENGE REMOVAL.**

Defendants first removed this case under the LMRA and now state that "this Court does not have jurisdiction to decide these [LMRA] claims." (D.E. 9 at 11.)  If Defendants' conclusion regarding jurisdiction were true, this case would have been improperly removed, dismissal would be improper, and remand to state court would be the only action open to this Court.  28 U.S.C. §1447(c).  But, Defendants conclusion is not correct.  This Court has original federal question jurisdiction over Plaintiffs individual FLSA claims and supplemental jurisdiction over Plaintiffs' IMWL class action claim pursuant to 28 U.S.C. §§1331 and 1367.  Plaintiffs waive objections to the procedural flaws in Defendants' removal petition.  *See In re Continental Gas Company*, 29 F.3d 292, 293 (7th Cir. 1999)(non-jurisdictional objections to removal may be waived).

II. **THE LMRA FAILS TO PREEMPT PLAINTIFFS' IMWL CLAIMS BECAUSE NO INTERPRETATION OF THE CBA IS NECESSARY.**

Defendants' failure to identify any disputed CBA provision is fatal to their motion.  The LMRA ensures uniform contract interpretation of collective bargaining agreements.  LMRA preemption of a state minimum wage claim requires interpretation of a disputed provision of the CBA.  *See Lingle,* 486 U.S. at 405-406.

Here, Defendants state that the calculation of statutory overtime will require reference to the CBA because the CBA provides a method for determining rates of pay, time and a half and double time overtime, and shift differentials. (D.E. 9 at 7.) They also claim the CBA defines the methods for taking breaks, deducting union dues, and paying fringe benefits. (*Id.*) But, the need to merely refer to a CBA is insufficient grounds for preclusion of the IMWL. *See Lingle*, 486 U.S. at 409-410. Plaintiffs have not brought claims for double time, or improperly deducted union dues or fringe benefits, or overtime pay defined by a provision of the CBA. Rather, Plaintiffs have only brought claims for failure to pay the minimum required amounts under the IMWL and FLSA. Defendants have failed to identify a single disputed CBA provision that must be interpreted to resolve Plaintiffs' claims.

The Seventh Circuit has rejected an argument similar to Defendants' in *Wisconsin Central*, 537 F.3d 751 (affirmed on other grounds). The Seventh Circuit reversed the district court's decision that preemption of the IMWL was proper because ascertaining the number of hours worked and regular rate of pay could only be calculated with reference to the CBA. *Id.* at 758. Mere reference to a collective bargaining agreement for damages purposes fails to provide grounds for federal preemption. *Id.* at 757-758. In *Wisconsin Central*, the Seventh Circuit found that failure to identify disputed provisions of the collective bargaining agreement necessary to resolve the claim rendered the preemption issue unripe. *Id.* at 761.

Defendants have cited cases that are distinguishable from this case, because the cited cases clearly identify disputed provisions of a collective bargaining agreement. In *Freundt v. Allied Tube and Conduit*, 2007 U.S. Dist. LEXIS 87852 (N.D. Ill. November

5

29, 2007), the court found that a determination of whether production or incentive bonuses were properly calculated was necessary to resolve the claim. In *Gelb v. Air Con Refrigeration and Heating*, 826 N.E. 2d 391; 356 Ill. App. 3d 686, 694 (1st Dist. 2005), the court determined that the case required a determination of whether pay deductions were proper according to a formula prescribed by the collective bargaining agreement. In *Gonzalez v. Farmington Foods, Inc.*, 296 F. Supp. 2d 912, 936 (N.D. Ill. 2003), the plaintiffs sought overtime pay for hours worked over eight (8) in a day, which was a right created by the collective bargaining agreement and not the IMWL or FLSA.

The Court may resolve this case without delving into the contractual methods Defendants used to pay Plaintiffs. Under the IMWL, employers are statutorily required to keep "true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee. . . ." 820 ILCS §105/8. These records are all that is necessary to resolve this case.

Employers must pay one and one half times the regular rate for hours worked over forty (40) in a week. 820 ILCS §105/4a. The formula for calculating the IMWL regular rate for hourly employees resides in the Illinois regulations, not the CBA. *See* 56 Ill. Admin. Code §210.430. This hourly rate is documented on Plaintiffs' pay stubs as well as the records the IMWL requires Defendants' to maintain. *See* Complaint at Group Ex. A; 820 ILCS §105/8. Plaintiffs stipulate that the hourly rates indicated on their paystubs are accurate and have no reason to challenge the rate documented in Defendants' IMWL compliant records. To determine the required overtime wages under the IMWL, the Court, or a special master, need only multiply one and one half the straight-time hourly-rate by the number of hours the Court determines the employee worked over forty (40) in

a week. By comparing this amount to the amount actually paid for working over forty (40) hours in a week, the Court can determine any required but unpaid wages. No interpretation of the CBA is necessary in this case.

### III. LMRA FAILS TO PRECLUDE PLAINTIFFS' FLSA CLAIMS BECAUSE CONGRESS INTENDED THE ACTS TO COEXIST.

Congress intended the FLSA to overlap other labor laws rather than be supplanted by them. *See Powell v. U.S. Cartridge Co.*, 339 U.S. 497, 518-520 (1950)(Walsh-Healy Act does not preclude FLSA); *see also McDonald v. Eagle Express Lines, Inc.*, 2009 U.S. Dist. LEXIS 89578, at ** (N.D. Ill. September 29, 2009)(Service Contract Act does not preclude FLSA). Here, as explained above, Defendants have offered nothing to show that the FLSA cannot coexist with the LMRA. Indeed it has for decades.[1] Defendants' motion expresses their desire to avoid full enforcement of the FLSA by mandating their own negotiated grievance procedures.

Defendants erroneously cite *Leahy v. Chicago*, 96 F.3d 228, 232 (7th Cir. 1996), for the proposition that state and federal minimum wage laws cannot be applied to union employees. (D.E. 9 at 8.) The Seventh Circuit has made clear that Defendants' reading of *Leahy* is wrong. *Jonites v. Excelon Corporation*, 522 F.3d 721, 724-725 (7th Cir. 2008). In *Jonites*, Judge Posner explained that *Leahy* did not stand for preclusion and that collective bargaining agreements are not suitable vehicles for enforcing minimum wage laws. *Id.* Individual and collective FLSA actions by union employees are proper and unions could not waive an individual's FLSA rights. *Id.* at 724-725. Judge Posner

---

[1] The coexistence of Wage and Hour Statutes with collective bargaining agreements has long been recognized. *See* 29 §207(e)(7); 820 ILCS §105/14; *see also Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981); *Jonites*, 522 F.3d at 725 (individual and collective actions by union employees proper).

7

further explained that in both *Leahy* and *Jonites*, some of the employees were attempting to claim compensation for hours not worked and that such claims cannot proceed under the FLSA and are better suited to proceed through collective bargaining. I*d.* at 726.

IV.  **PLAINTIFFS CLAIMS ARE NOT TIME BARRED.**

The parties agree that the FLSA has a two-year statute of limitations that Congress extended to three years to deter willful violations and the IMWL has a three (3) year statute of limitations. (D.E. 9 at 10.) The parties also agree that each week is a separate violation under the FLSA. (*Id.*) Employers are allowed to retain any unpaid employee wages resulting from violations over three years from the filing of an employee's FLSA or IMWL complaint unless there is a reason for equitable toiling of the limitations period applies.

At this stage, dismissal due to the statute of limitations is not proper. Plaintiffs have alleged that Defendants failed to properly post notice of employee rights under the state and federal minimum wage law. (D.E. 1-1 ¶¶ 11G, 26D.) Courts have found an employer's failure to post notice grounds for equitable tolling of the limitations period. *Asp v. Milardo Photography, Inc.*, 573 F. Supp. 2d 677, 698 (D. Conn. 2008); *Cisneros v. Jinney Beauty Supply Co, Inc.*, 2004 U.S. Dist. LEXIS 2094, at *4 (N.D. Ill. February 6, 2004); *Cortez v. Medina's Landscaping*, 2002 U.S. Dist. LEXIS 18831, at * 20 (N.D. Ill. September 30, 2002). Defendants have offered no facts or allegations to refute Plaintiffs' allegation that notice was not properly posted.

V.  **NEITHER FLSA NOR IMWL HAS A GRIEVANCE EXHAUSTION REQUIREMENT.**

Defendants' grievance exhaustion argument applies only to cases that proceed under the collective bargaining agreement. Defendants' argument and cited cases might

8

be on point if the LMRA applied, but as explained above, it does not. Courts have also rejected grievance exhaustion arguments, similar to Defendants, under a waiver theory. *Barrentine*, 450 U.S. 728; *Pryner v. Tractor Supply Company*, 109 F.3d 354, 363 (7th Cir. 1997); *contra 14 Penn Plaza, LLC v. Pyett*, 129 S. Ct. 1456, 1474 (2009)(requiring clear unmistakable waiver of ADEA claims in CBA). Employees cannot waive their rights under the FLSA and IMWL because those statutes protect the rights of the public as well as employees. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 705 (1945); *O'Brien v. Encotech Construction Services, Inc.*, 183 F. Supp. 2d 1047, 1050 (N.D. Ill. 2002).

## CONCLUSION

This Court should deny Defendants' motion to dismiss because Defendants failed to identify any disputed provision of the CBA, the IMWL and FLSA were intended to coexist with the LMRA, and Defendants should not be able to avoid paying their workers for all hours worked. If this Court finds that Plaintiffs' claim, or any part of Plaintiffs' claim, is preempted by the LMRA, the Court should permit Plaintiffs to amend their complaint to correct any defects.


Dated: February 11, 2010                    Respectfully submitted,

                                            JOSE MANUEL CHAVEZ, *et al.*


                                    By:     /s/ *Brian D. Massatt*
                                            One of Plaintiffs' Attorneys

Jac A. Cotiguala
Brian D. Massatt
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
Telephone: 312-939-2100