IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE MANUEL CHAVEZ, *et al.*, ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> v. ) <br> ) <br> DON STOLTZNER MASON ) <br> CONTRACTOR, INC., *et al.*, ) <br> ) <br> **Defendants.** ) | Case No. 10 C 264 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jose Manuel Chavez, Felipe Dejesus Pulido, Miguel Pulido, Francisco Contreras, Santiago Contreras, Ezekiel Pulido, and Alex Lukowski sued Don Stoltzner Mason Contractor, Inc. ("Stoltzner") and its officers, owners, and accountant, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a), and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4 and 4a. Plaintiffs have moved to certify the case as a class action pursuant to Federal Rule of Civil Procedure 23(b)(3). For the reasons stated below, the Court grants plaintiffs' motion.

### Background

Plaintiffs are former employees of Stoltzner, an Illinois corporation that furnishes and installs masonry. On December 17, 2009, plaintiffs filed a class action complaint in the Circuit Court of Cook County, alleging that defendants violated the FLSA and the IMWL by failing to fully compensate them and other putative class members for overtime work. In Count 1 of their complaint, plaintiffs allege that defendants violated

the IMWL by (1) adjusting workers' recorded overtime hours downward to effectively compensate them at the "straight-time" rate for overtime hours, as opposed to the time-and-a-half rate; (2) adjusting the records after August 17, 2009 to reflect one hour of work less per day than employees actually worked; and (3) requiring employees to work for free on Saturdays beginning in April 2009.  In Count 2, plaintiffs allege parallel violations of the FLSA.  On January 14, 2010, defendants removed the case to federal court.

Plaintiffs assert their IMWL claims on behalf of themselves and a putative class of similarly situated individuals.  By contrast, they assert their FLSA claims individually and have not sought certification of a collective action pursuant to 29 U.S.C. § 216(b).  Plaintiffs ask the Court to certify an IMWL class consisting of

> [a]ll individuals who were employed by Don Stoltzner Mason Contractors, Inc. in the State of Illinois to perform construction work at any time during the relevant statute of limitations period that were not paid one and one half times their regular rate of pay for all time worked over forty (40) hours in a week.

Pls.' Mot. to Certify Class 2 ("Pls.' Mot.").  Defendants oppose plaintiffs' motion, arguing that plaintiffs do not meet the requirements of Rule 23.

**Discussion**

Courts have "broad discretion to determine whether certification of a class action is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).  In making this determination, the Court need not rely on the allegations in plaintiffs complaint alone; rather, it "should make whatever factual and legal inquiries are required under Rule 23." *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675-76 (7th Cir. 2001).

The Court may grant plaintiffs' motion if plaintiffs demonstrate that they satisfy all

of the requirements of Rule 23(a) and one of the requirements of Rule 23(b). Under Rule 23(a), the plaintiffs must demonstrate numerosity, commonality, typicality and adequate representation of the putative class. *See* Fed. R. Civ. P. 23(a). In this case, plaintiffs seek certification under Rule 23(b)(3), which requires them to show that "questions of law or fact common to class members predominate over any questions affecting only individual members" and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs bear the burden of proving they are entitled to class certification. *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 760 (7th Cir. 2000).

### 1. Numerosity

Plaintiffs must first demonstrate that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[P]laintiffs are not required to specify the exact number of persons in the class," but at the same time, they "cannot rely on conclusory allegations that joinder is impractical or speculation as to the size of the class in order to prove numerosity." *Marcial v. Coronet Ins. Co.*, 880 F.2d 954, 957 (7th Cir. 1989). "Courts rely on common sense to determine whether an estimate of class size is reasonable." *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 326 (N.D. Ill. 2010) (internal quotation marks omitted).

A class consisting of more than forty members generally satisfies the numerosity requirement (the low-end threshold may in fact be lower than this, but for present purposes a threshold of forty will do). *Barragan v. Evanger's Dog and Cat Food Co.*, 259 F.R.D. 330, 333 (N.D. Ill. 2009). Plaintiffs have produced time sheets indicating that from 2007 to 2009, defendants employed between seventy and 130 employees.

They also offer testimony, in affidavits and deposition excerpts, that defendants openly discussed and engaged in a common practice with respect to all employees—namely, failing to compensate them fully for hours worked over forty hours in a given week, either by requiring a "free hour" or a "free Saturday" or by adjusting the workers' time sheets to reflect fewer hours worked. Finally, plaintiffs provide an affidavit asserting that based on the affiants' review of defendants' unredacted time sheets from 2007 to 2009, ninety-four of defendants' employees worked over forty hours in at least one week.

Defendants argue that plaintiffs cannot rely upon the number of employees alone in establishing numerosity. Citing a district court case from Oregon, they argue that the Court should look to the number of individual plaintiffs who have asserted FLSA claims to determine the size of the proposed IMWL class. But in that case, the court had already conditionally certified a parallel FLSA collective action. It found that joinder of all plaintiffs was not impracticable because "such a small percentage of the employees opted-in" to the collective action. *Thiebes v. Wal-Mart Stores, Inc.*, No. CIV. 98-802-KI, 2002 WL 479840 at *3 (D. Or. Jan. 9, 2002). In this case, by contrast, plaintiffs have not sought certification of a collective action under the FLSA. As such, the small number of individual FLSA plaintiffs who filed this suit does not support an inference that the class of potential IMWL plaintiffs is not sufficiently numerous.

Defendants also challenge the credibility and weight of plaintiffs' evidence. But plaintiffs need not prove liability at this stage. Rather, they are required to show only that the class of plaintiffs with actionable claims is sufficiently numerous to render joinder impracticable. Taken as a whole, the evidence amply supports a reasonable inference that between 2007 and 2009, well over forty of defendants' employees worked

4

overtime hours without being fully compensated for having done so. The Court thus concludes that the numerosity requirement is satisfied.

### 2. Commonality

Plaintiffs must next demonstrate commonality, which requires a showing that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "A common nucleus of operative facts" arising from a defendant's "standardized conduct towards members of the proposed class" is sufficient to show commonality. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (internal quotation marks omitted). "Rule 23(a)(2) does not demand that every member of the class have an identical claim. It is enough that there be one or more common questions of law or fact." *Spano v. The Boeing Co.*, __ F.3d __, Nos. 09-3001, 09-3018, 2011 WL 183974, at *10 (7th Cir. Jan. 21, 2011).

Plaintiffs have shown commonality. As noted above, plaintiffs provide testimony that defendants had a common practice of underpaying employees for time worked over forty hours per week, in violation of the IMWL. They also offer time sheets from a third party general contractor, A. Epstein & Sons, suggesting that on at least one occasion in 2009, Stoltzner undercounted the number of employees it had assigned to a project. This evidence, while somewhat sparse, is sufficient to show that the proposed class's claims share at least one common issue: the legality of defendants' alleged common overtime policy.

### 3. Typicality

In addition to commonality, plaintiffs must show that their claims and defenses "are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). *Keele*, 149

F.3d at 595. In determining whether typicality exists, courts consider "whether the named representatives' claims have the same essential characteristics as the claims at large." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 597 (7th Cir. 1993). Typicality "may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *Muro v. Target Corp.*, 580 F.3d 485, 492 (7th Cir. 2009) (quoting *De La Fuente v. Stokely-Van Kamp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)).

Plaintiffs have presented evidence that defendants engaged in a common practice affecting them as well as all other employees who worked more than forty hours in a given week during the relevant limitations period. Though the precise amount of damages may vary among class members, plaintiffs' individual claims are "based on the same legal theory" as those of the class: violation of the IMWL. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). "[B]ecause the claims arise out of [defendants'] alleged standardized conduct," the Court finds that plaintiffs have met the typicality requirement. *Schmidt*, 268 F.R.D. at 327.

### 4. Adequate representation

Finally, plaintiffs must show that as class representatives, they will be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Plaintiffs must show that their lawyers are competent to handle the case as a class action, "[b]ut adequacy of representation implicates more than that. . . . [A]bsentee members of a class will not be bound by the final result if they were represented by someone who had a conflict of interest with them or who was otherwise inadequate." *Spano*, 2011 WL 183974 at *11; *see also Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th

Cir. 1992) ("A class is not fairly and adequately represented if class members have antagonistic or conflicting claims").

The Court finds that plaintiffs have satisfied this requirement. There is no indication that the named plaintiffs' interests conflict in any way with those of potential class members. As noted above, plaintiffs have provided evidence indicating that defendants' standardized conduct harmed them and all other employees who worked more than forty hours in any given week. The Court sees no reason to doubt that plaintiffs will vigorously litigate their claims and those of the potential class members, nor does it find any basis to question the competency of class counsel. Accordingly, plaintiffs have satisfied the requirements of Rule 23(a).

### 5. Predominance

Under Rule 23(b)(3), plaintiffs must demonstrate "that questions of law or fact common to the members of the class predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). This inquiry is "far more demanding" than the Court's commonality determination under Rule 23(a)(2), *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997), because it requires a court to "identify[] the substantive issues that will control the outcome, assessing which issues will predominate, and then determin[e] whether the issues are common to the class." *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390, 398 (N.D. Ill. 2006). In essence, the Court must determine "whether plaintiffs can, through individualized cases, offer proof on a class-wide basis." *Schmidt*, 268 F.R.D. at 329. Defendants argue that the predominance requirement is not satisfied because due to the nature of plaintiffs' claims, "the Court will be required to conduct a mini-trial into the merits of each class

7

member's claim to determine class membership." Defs.' Opp. Br. 11.

The Court disagrees. Stoltzner's alleged common practice of failing to fully compensate employees for overtime hours lies at the heart of this case. "A single common issue may be the overriding one in the litigation, despite the fact that the suit also entails numerous remaining individual questions." I Newberg & Conte, *Newberg on Class Actions* § 4.25, at 4-84 (3d ed. 1992). That is the case here. Though individual damages issues may arise, plaintiffs' central task will be to prove that defendants actually had a common policy of failing to compensate their employees fully for overtime work. *Cf. Kernats v. Comcast Corp.*, Nos. 09 C 3368, 09 C 4305, 2010 WL 4193219, at *7 (N.D. Ill. Oct. 20, 2010) ("[T]he Plaintiffs have alleged that an unofficial, company-wide practice exists that denies putative class members overtime or compensation for time worked. The Court concludes that . . . the common issue of whether a company-wide practice exists to deny overtime or compensation will predominate over the variations in methods used to accomplish the alleged policy"); *Barragan*, 259 F.R.D. at 334-35 ("[T]he common issues of the pay practices of Evanger's and whether they violate the IMWL will be the main focus").

As the Seventh Circuit has held, "the need for individualized damages determinations does not, in and of itself, require denial" of a motion for class certification. *Arreola v. Godinez*, 546 F.3d 788, 801 (7th Cir. 2008). When, as here, "there are substantial common issues that outweigh the single variable of damages," a district court "can devise solutions to address that problem." *Id.*

**6.    Superiority**

Finally, Rule 23(b) requires plaintiffs to show "that a class action is superior to

other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). This requirement is satisfied if "'a class action would achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results.'" *Amchem Prods., Inc.*, 529 U.S. at 615 (quoting Fed. R. Civ. P. 23, 1966 advisory committee note). Defendants argue that a class action is not superior because "plaintiffs assert parallel claims under the FLSA that are wholly incompatible with class treatment of their IMWL claims." Defs.' Opp. Br. 13.

The Court finds that a class action is a superior means of resolving this case. As discussed above, plaintiffs have alleged that a significant number of employees were harmed by a common practice of defendants' that violated the IMWL. Under these circumstances, case-by-case resolution of plaintiffs' IMWL claims "would be an inefficient use of both judicial and party resources." *Kernats*, 2010 WL 4193219 at *8. It would also raise the possibility that, "because of the small individual recovery, many potential plaintiffs may not even bring their claims." *Id.* As such, plaintiffs' claims are well-suited for class treatment. *See Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 953 (7th Cir. 2006) ("Rule 23(b)(3) was designed for situations . . . in which the potential recovery is too slight to support individual suits, but injury is substantial in the aggregate").

Further, the existence of parallel FLSA claims does not defeat superiority. Plaintiffs brought their FLSA claims individually and did not seek certification of a collective action. Under these circumstances, courts in this district have often certified IMWL class actions. *See, e.g., Kernats*, 2010 WL 4193219; *Schmidt*, 268 F.R.D. 323;

*Barragan*, 259 F.R.D. 330. The Court agrees with its former colleague Judge David Coar, who reasoned in similar circumstances that there is

> no conflict in permitting class certification on the state law claim while the FLSA claims advance as individual prayers for relief. Congress did not expressly preempt state overtime laws nor intend FLSA to occupy the field of wage and hours regulation; in fact, Congress expressly permitted state wage and hour laws that provide more protection to employees than the federal statute. . . . In Illinois state courts—where this action was originally filed, until Defendants removed it to federal court—IMWL claims are routinely certified as class actions, following the opt-out procedures for class certification under Fed. R. Civ. P. 23. . . . If Plaintiffs had moved to certify both the IMWL claim as a class action and FLSA claim as a collective action, presumably both could be so certified, but the FLSA class would require opt-in participation while the IMWL class would be a standard Rule 23 opt-out class. The result would be as Congress intended: only those individuals who opt into the FLSA claim would be joined in the action, whereas the heightened employee protections (i.e. lower barrier to entry for class action litigation) of the state wage and hours law would be available to all except those who request exclusion.

*Hernandez v. Gatto Indus. Platers, Inc.*, No. 08 C 2622, 2009 WL 1173327, at *3 (N.D. Ill. Apr. 28, 2009).

Even if plaintiffs had sought certification of an FLSA collective action, the Seventh Circuit recently held that this does not categorically preclude a finding that class certification is a superior means of resolving parallel IMWL claims. *Ervin v. OS Restaurant Servs., Inc.*, __ F.3d __, No. 09-3029, 2011 WL 135708, at *1 (7th Cir. Jan. 18, 2011); *see also id.* at *5 ("There is ample evidence that a combined action is consistent with the regime Congress has established in the FLSA"). For these reasons, the Court concludes that the superiority requirement is met despite the fact that plaintiffs have brought parallel FLSA claims on an individual basis.

## Conclusion

For the reasons stated above, the Court grants plaintiffs' motion for class

10

certification [docket no. 33]. The Court certifies the following class under Rule 23(b)(3): all individuals who were employed by Don Stoltzner Mason Contractors, Inc. in the State of Illinois to perform construction work at any time during the relevant statute of limitations period that were not paid one and one half times their regular rate of pay for all time worked over forty hours in a week.

     The case is set for a status hearing on March 10, 2011 at 9:30 a.m. The parties are directed to meet and confer prior to that date in order to prepare a proposed class notice. The proposed draft(s) are to be submitted to the Court by no later than March 8, 2011.

_____<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: February 28, 2011